```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

WANDA A. SMITH,                       :
                                      :
        Plaintiff,                    :
                                      :
        v.                            :   CASE NO. 3:08cv1735(RNC)
                                      :
AFSCME COUNCIL 4, ET AL.              :
                                      :
        Defendants.                   :

**RULING ON DISCOVERY MOTIONS**

Pending before the court are a series of discovery motions: the plaintiff's Motion to Strike Defendant AFSCME International's Affirmative Defenses, doc. #107; defendant AFSCME International's Motion to Strike or Preclude Plaintiff's Damages Analysis, doc. #114; defendant Council 4's Motion to Strike or Preclude Plaintiff's Damages Analysis, doc. #134; and defendant AFSCME International's Motion to Compel, doc. #142. Oral argument was held on January 20, 2011.

A.  Plaintiff's Motion to Strike Defendant AFSCME International's Affirmative Defenses, doc. #107

The parties disagree as to the applicable standard of review, a question that appears to be unsettled in this circuit. Compare Tracy v. NVR, Inc., No. 04-CV-6541L, 2009 U.S. Dist. LEXIS 90778, *28-29 (W.D.N.Y. Sept. 30, 2009) with Coach, Inc. v. Kmart Corps., No. 10 Civ. 1731 (LMM), 2010 U.S. Dist. LEXIS 122326 (S.D.N.Y. Nov. 16, 2010). See also 2 Moore's Federal Practice §8.08[1]; Luvata Buffalo, Inc. v. Lombard Gen. Ins. Co., 2010 U.S. Dist. LEXIS 19334, *24 (W.D.N.Y. Mar. 4, 2010). They have not discussed each

affirmative defense individually, and have not included any analysis along these lines. Defense counsel conceded during oral argument that certain of the defenses listed in the answer are not actually affirmative defenses required to be pled. In light of all the foregoing, the plaintiff's motion is GRANTED and defendant AFSCME International's affirmative defenses are struck,[1] but the defendant is granted leave to replead its defenses. The Amended Answer shall be filed on or before February 15, 2011.

B. <u>Defendants' Motions to Strike or Preclude the Plaintiff's Damages Analysis, docs. #114, 134</u>

The defendants' motions are GRANTED IN PART AND DENIED IN PART. The motions are denied to the extent they ask the court to strike the plaintiff's damages analysis or to preclude her from presenting evidence of damages. However, the plaintiff shall produce a supplemental damages analysis. If the plaintiff alleges any economic loss, including but not limited to medical bills, lost wages, or loss of earning capacity, she must provide a computation of those damages. If, as the plaintiff has suggested, she seeks only non-economic damages, then she must fully set forth each category of non-economic damages she claims (e.g, emotional distress or damage to reputation) and produce all documents or other evidence she may use to support each claim, as well as a list of witnesses she may call to support the claims. In addition,

---

[1]The plaintiff has not moved to strike the affirmative defenses of defendant Council 4.

2

plaintiff shall summarize any medical treatment arising out of her alleged emotional distress, setting forth the names of any medical providers and the dates and frequency of treatment. See, e.g., Olsen v. Nassau, 615 F. Supp. 2d. 35, 45-47 (E.D.N.Y.)(discussing how severity of an emotional distress claim is evaluated in this circuit). Plaintiff is not required to provide a dollar estimate of her damages at this stage.

C.  Defendant AFSCME International's Motion to Compel, doc. #142

The defendant's motion is GRANTED IN PART AND DENIED IN PART, as follows:

Request #26: Granted.

Requests #39-40: Granted for the period of January 1, 2001 to July 11, 2006 to the present.

Request #41: Withdrawn without prejudice.

Request #43: Granted in part. The parties agree that the plaintiff will name the sources of all income she has earned since July 13, 2006.

Interrogatories #5, 8, 9, 12, 15, 16 and 20: Granted. The plaintiff shall supplement her responses to these interrogatories on or before February 22, 2011. Counsel noted during argument that defendants have made available to plaintiff's counsel some eighteen boxes of documents for review. Plaintiff's counsel noted that she has not yet fully reviewed those documents and some of them might refresh the plaintiff's memory as to names and/or dates. It was agreed that plaintiff's counsel would complete her review on

Saturday February 5, 2011.

Interrogatories #29-30: Counsel agreed in open court that these interrogatories should be modified to refer to race discrimination rather than age discrimination. The motion is granted as to the modified interrogatories.

Interrogatory #33: Granted in part and denied in part. The plaintiff shall provide the documents and information set forth in Section A of this ruling.

D. Remaining Discovery

The court notes that the parties have done little discovery and have repeatedly indicated that this case is in its early stages. However, the complaint was filed over two years ago, and the case should, in the normal course, be nearing its conclusion. Counsel are reminded that the discovery deadline is April 30, 2011. (See Case Management Order, doc. #88.)

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Hartford, Connecticut this 31st day of January, 2011.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge