```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

WANDA A. SMITH,                  :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :      CASE NO. 3:08cv1735(RNC)
                                 :
AFSCME COUNCIL 4, ET AL.         :
                                 :
     Defendants.                 :

## RULING ON DISCOVERY MOTIONS

Pending before the court are a series of discovery motions: defendant AFSCME International's Motion to Strike or Preclude Plaintiff's Damage Analysis (doc. #162), defendant AFSCME International's Motion to Strike, for Entry of a Default Judgment and for Dismissal (doc. #169), defendant Council 4's Motion to Strike, for Entry of a Default Judgment and for Dismissal (doc. #171), and defendant Council 4's Motion to Strike or Preclude Plaintiff's Damage Analysis (doc. #172).[1]  Also pending is the plaintiff's Motion to Modify Scheduling Order (doc. #183).  Oral argument on these motions was held on April 28, 2011.

A.   Defendants' Motions to Strike or Preclude the Plaintiff's
     Damages Analysis, docs. #162, 172

Both defendants seek relief under Fed. R. Civ. P. 37(b) due to plaintiff's failure to comply with a court order requiring the plaintiff to produce a supplemental damage analysis.  These motions have a history.  Last fall, both defendants filed motions

---

[1]Another discovery motion, Council 4's Motion to Compel (doc. #181) is pending but is not yet ripe.

objecting to the plaintiff's damage analysis as insufficient. (See docs. #114, 134.) The original damage analysis merely stated that the plaintiff sought "noneconomic damages, in an amount to be determined."

After oral argument, by order dated January 31, 2011, the court ordered the plaintiff to submit a supplemental damage analysis. (Doc. #154.) The court specified the following items to be included in the damage analysis:

> If the plaintiff alleges any economic loss, including but not limited to medical bills, lost wages, or loss of earning capacity, she must provide a computation of those damages. If, as the plaintiff has suggested, she seeks only non-economic damages, then she must fully set forth each category of non-economic damages she claims (e.g, emotional distress or damage to reputation) and produce all documents or other evidence she may use to support each claim, as well as a list of witnesses she may call to support the claims. In addition, plaintiff shall summarize any medical treatment arising out of her alleged emotional distress, setting forth the names of any medical providers and the dates and frequency of treatment.

(Doc. #154.)

The defendants' current motions argue that the plaintiff failed to comply with that order. On February 15, 2011, plaintiff submitted a Revised Damages Statement stating that she claimed four categories of damages: (1) loss of reputation/career; (2) humiliation and embarrassment; (3) emotional distress, mental anguish and fear; and (4) punitive

2

damages.[2]

Plaintiff produced no documents in support of her damages–no witness lists, no exhibit lists, no medical records, and no other documentation of any sort. The defendants argue that the plaintiff has violated a court order. They now seek an order pursuant to Fed. R. Civ. P. 37(b) precluding any evidence of damages, striking her damages claim from the complaint, and reimbursing them for their attorney's fees relating to these motions. Notably, the plaintiff did not file a timely objection to defendant AFSCME's motion and did not seek an extension to do so. She did object to Council 4's motion, arguing that the defendants have not been prejudiced and that documentary evidence is not needed to prove her noneconomic damages.

At oral argument, for the first time, the plaintiff's attorney conceded that her client has had no medical treatment in connection with her non-economic damages, that she does not intend to offer any documents to prove those non-economic damages, and that she does not intend to call any witnesses other than the plaintiff herself to prove the alleged non-economic damages. She also agreed that her client seeks only non-economic damages in the categories set forth in her Revised Damages Statement and has sustained no economic loss.

---

[2] Plaintiff seeks $75,000 for each category from each defendant, for a total of $300,000 from each defendant.

The plaintiff did not comply with the court's order. In light of the plaintiff's concessions in open court, the defendants' motions are GRANTED IN PART. The plaintiff will be precluded at trial from offering any evidence other than her own testimony in support of damages. The plaintiff will also be precluded from seeking economic damages.

The defendants' requests for attorney's fees are granted. To comply with the court's January 31, 2011 order, the plaintiff's attorney had only to notify the defendants that she intended to rely exclusively on plaintiff's own testimony and that there were no witnesses, evidence or medical records to disclose. Instead, she submitted a noncompliant statement of damages and then compounded the matter by failing to respond to one defendant's motion and responding evasively to the other defendant's motion. Even when oral argument was scheduled, she did not provide any clarification or detail. All of this resulted in unnecessary wasted time and attention by the court and the defendants (not to mention the plaintiff herself).

Therefore, at the conclusion of this case, the defendants may submit affidavits setting forth the reasonable costs and fees incurred in connection with the preparation and argument of their motions, docs. #162 and 172. The plaintiff's attorney, not her client, will be responsible for any fees awarded.

B.  <u>Defendant AFSCME International's Motion to Strike, for Entry of a Default Judgment and for Dismissal, doc. #169</u>

Last November, defendant AFSCME International filed a Motion to Compel, arguing that the plaintiff had failed to fully respond to its written discovery requests served in June 2010. The court's January 31, 2011 order granted in part the defendant's motion, requiring the plaintiff to supplement her responses by February 22, 2011.[3]

The plaintiff not only missed the February 22 deadline but still had not provided any supplementary responses by the time of oral argument on April 28, 2011. The defendant, citing Fed. R. Civ. P. 37(b), seeks as relief "the striking of all of her pleadings, the issuance of a default judgment in Defendant's favor and the dismissal of the Second Amended Complaint with Prejudice." The defendant also seeks its attorney's fees.

Plaintiff's objection to the motion offers no explanation or excuses, only an argument that the discovery was not particularly

---

[3] At oral argument held on January 20, 2011, plaintiff's counsel explained that part of the reason for the delay was that she had not yet had time to fully review the defendants' document production. The production consisted of 18 boxes made available at the offices of defense counsel on Long Island. Her client could not afford to copy the documents, and counsel had difficulty finding time on a weekday to travel to counsel's offices. In court, it was agreed that plaintiff's counsel would review the documents on a Saturday, February 5, and would supplement plaintiff's responses within a week after that. (See Transcript, doc. #155 at 53.) The court allowed even more time than requested, ordering plaintiff to supplement by February 22. (Doc. #154.)

5

important and the defendants were not prejudiced.  Since then, the plaintiff's attorney has informed the court of her very busy litigation schedule in recent weeks, including a trial and briefing of nine different motions.  (See doc. #183.)[4]

The defendant's motion is DENIED WITHOUT PREJUDICE.  The plaintiff shall supplement her responses, as previously ordered, on or before May 31, 2011.  No further extensions of that deadline will be granted.  The defendants reasonably request that they receive the discovery and have some time to review it before deposing the plaintiff.  Defendants may have until June 22, 2011 to depose the plaintiff.

C.  Defendant Council 4's Motion to Strike, for Entry of a Default Judgment and for Dismissal, doc. #171

Defendant Council 4 moves for relief under Fed. R. Civ. P. 37(b), asking the court to strike or dismiss the plaintiff's complaint and enter default judgment because the plaintiff has not responded in full to its discovery requests.

Fed. R. Civ. P. 37(b) addresses failure to comply with a court order.  The plaintiff has not previously been ordered by the court to comply with this discovery, and a 37(b) motion is

---

[4]Plaintiff filed a motion for extension of her deadline on February 22, 2011 but offered no explanation in that motion resulting in the motion being denied for lack of good cause shown. (See docs. #164-67.) Plaintiff did not refile the motion specifying her good cause.  Rather, the plaintiff's attorney first explained her circumstances in doc. #183, a motion for extension of time filed on April 25, 2011.

6

therefore premature. Moreover, it appears that the ground has shifted since the filing of the motion, with plaintiff subsequently providing at least partial responses to the discovery requests. In addition, Council 4 has since filed a Motion to Compel, which appears to more clearly reflect the current state of discovery and is a more appropriate way to handle the dispute. Therefore, the Motion to Strike, for Entry of a Default Judgment and for Dismissal, doc. #171, is DENIED AS MOOT.

The court will take up the pending Motion to Compel, doc. #181, when it is fully briefed. However, the parties are urged to attempt to resolve this discovery dispute without court intervention. As discussed at oral argument, the plaintiff is required to identify by Bates stamp any previously produced documents that are responsive to Council 4's production requests.

D.  Plaintiff's Motion to Modify Scheduling Order, doc. #183

The discovery deadline expired on April 30, 2011. On April 25, 2011, five days before the date when all discovery should have been completed, the plaintiff filed a motion to extend that deadline by 30 days. Counsel explained how busy her schedule has been in recent weeks and sought an extension to May 31, arguing that "[t]his additional thirty days is required within which to complete Plaintiff's discovery." (Doc. #183.)

The plaintiff's motion is GRANTED in that the discovery

7

deadline is extended to May 31, 2011 for plaintiff to complete all currently pending discovery (not to propound new discovery). The defendants shall have until June 22, 2011 to complete the plaintiff's deposition.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Hartford, Connecticut this 13th day of May, 2011.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge