UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
WANDA SMITH,                     :
     Plaintiff,                  :
                                 :
     v.                          :  CASE NO. 3:08CV1735(RNC)
                                 :
AFSCME COUNCIL 4, ET AL.,        :
     Defendants                  :
```

RULING AND ORDER

Pending before the court is the plaintiff's Motion for Reconsideration (doc. #190) of the court's May 13, 2011 Ruling on Discovery Motions (doc. #188).[1]  Specifically, the plaintiff requests that the court reconsider its decisions to extend discovery deadlines and to award reasonable attorney's fees to the defendants.  For the reasons set forth below, reconsideration is denied.  Even if the court were to reconsider, it would adhere to its prior ruling.

I. Background

The complaint was filed on November 17, 2008.  (Doc. #1.) Discovery was scheduled to be completed in six months, by May 19, 2009.  (Doc. #2.)  There were a number of early filings, including a motion to dismiss.  (Doc. #28.)  On June 18, 2009,

---

[1] The court construes the plaintiff's "Objection to Discovery Ruling" (doc. #190) as a request for reconsideration.

1

all parties requested that they be permitted to defer discovery until after a ruling on motions to dismiss. (Doc. #54.) Judge Chatigny conferred with counsel and granted the request. (Doc. #56.) The parties filed their 26(f) report on April 28, 2011. (Doc. #86.) They requested an additional year for fact discovery, proposing that "all fact discovery . . . will be completed (not propounded) by April 30, 2011." Id. In accordance with their request, Judge Chatigny issued the scheduling order setting April 30, 2010 as the discovery deadline. (Doc. #88)

A year later, on April 25, 2011, five days before all discovery was to be completed, plaintiff asked for "30 days through and including May 31, 2011" to complete her discovery. (Doc. #183.)

Discovery had not gone smoothly. The plaintiff was late in responding to discovery (see doc. #188 at 5) which prompted motion practice. In a November 2010 Motion to Compel, doc. #142, defendant argued that plaintiff had not yet complied with its June 2010 discovery requests. Doc. #143. Magistrate Judge Martinez granted in part the defendant's motion and gave the plaintiff until February 22, 2011 to supplement her discovery responses. (Doc. #154.) In setting that deadline, the court gave the plaintiff more time to respond than she had requested.

(Doc. #188 at 5 n.3.)  The plaintiff did not comply with the deadline, necessitating even more motion practice.  (Docs. ## 169, 171.)  By the time of oral argument on the additional motions on April 28, 2011, plaintiff still had not provided responses to June 2010 discovery.  The court gave the plaintiff until May 31, 2011 (the new deadline plaintiff had requested in doc. #183) to provide her responses.  (Doc. #188.)  Because the defendants needed some time to review the plaintiff's late production before completing the plaintiff's deposition, the court permitted defendants an additional three weeks, until June 22, 2011, to conclude the plaintiff's deposition.  (Id.)  No further discovery was permitted.  (Id.)

The plaintiff was responsible for other discovery delays.  She did not adequately disclose evidence regarding her damages, leading to more motion practice (docs. 114 and 134) and a court order requiring a supplemental damage analysis.  (Doc. #154.)  The court specified items to be included in the supplemental damage analysis.  (Id.)  The plaintiff did not comply with the order.  (Doc. #188 at 4.)  Both defendants filed motions to preclude the supplemental damages analysis as noncompliant.  (Docs. ##162 and 172.)  The plaintiff responded to only one of the motions, arguing that the defendant did not need the missing information.  (Doc. #176.)  Finally, at oral argument on the

3

motions to preclude, the plaintiff made concessions supplying the missing information. (Doc. #188 at 3-4.) The court awarded defendants their attorney fees in connection with these latter motions.[2] (Doc. #188 at 4.)

Plaintiff now moves for reconsideration of the court's orders on the discovery deadline and to award attorney fees.

II.  Standard of Review

The standard for granting a motion for reconsideration "is strict, and reconsideration generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. "The major grounds justifying

---

[2]The court said: "The defendants' requests for attorney's fees are granted. To comply with the court's January 31, 2011 order, the plaintiff's attorney had only to notify the defendants that she intended to rely exclusively on plaintiff's own testimony and that there were no witnesses, evidence or medical records to disclose. Instead, she submitted a noncompliant statement of damages and then compounded the matter by failing to respond to one defendant's motion and responding evasively to the other defendant's motion. Even when oral argument was scheduled, she did not provide any clarification or detail. All of this resulted in unnecessary wasted time and attention by the court and the defendants (not to mention the plaintiff herself.)" (Doc. #188 at 4.)

4

reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478, at 790 (1981)).

II. Discussion

A. Extension of Discovery Deadlines

The plaintiff first requests that the court reconsider its decision to grant her motion extending the discovery deadline to complete discovery, but not to permit additional time to propound new discovery. In support of her argument, she asserts that this was her first request for an extension and that it was reasonable in light of delays at the beginning of the case. She also argues that it was unfair for the court to grant the defendants 3 weeks beyond the plaintiff's deadline to finish her deposition. She believes the court has shown her disfavor.

These arguments attempt to relitigate issues that were previously addressed in the parties' briefs and at oral argument. (See Transcript at 15-19, 27-32.) Therefore, reconsideration is not warranted. See Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir. 1964) ("where litigants have once battled for the court's

decision, they should neither be required, nor without good reason permitted, to battle for it again").

Moreover, even if the court were to reconsider, it would reach the same conclusion. Judge Chatigny issued the discovery schedule requested by the parties. He gave them a generous year for fact discovery. His scheduling order was explicit that all discovery was to be concluded, not simply propounded, by the discovery deadline. The plaintiff now maintains she intended to take depositions, but as of the date of her motion--five days before the conclusion of discovery--she had not noticed depositions. Her argument that the court permitted the defendants three additional weeks to finish plaintiff's deposition is a hollow one, as it was she who prolonged the completion of her deposition by failing to disclose necessary evidence to the defendants. The court has carefully reviewed the record, as it did the first time considering these requests, and does not reach a different conclusion.

      B.  <u>Award of Attorneys Fees and Costs</u>

The plaintiff also requests that the court reconsider its award of the defendants' reasonable attorneys fees (docs. ##162 and 172) to be paid by the plaintiff's attorney. She contends that her discovery responses complied with the court's order and that the defendants should have been able to deduce from her

earlier deposition testimony that she had no documents or witnesses to support her damages claims. She argues, therefore, that the defendants' motions were unnecessary and that the defendants were responsible for the resources expended in filing them.

Again, these arguments attempt to relitigate issues that were previously litigated at oral argument and expressly considered in the court's ruling. (See Transcript at 9-11, 17-23.) Consequently, reconsideration is not warranted. See Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir. 1964).

If the court were to reconsider its ruling, it would adhere to its prior ruling. Even assuming, as the plaintiff suggests, that the defendants could have gleaned from her deposition testimony a sense of the damages evidence she intended to offer, the plaintiff does not dispute that she failed to comply with the detailed requirements of the court's order. In fact, it took two oral arguments and multiple motions to elicit the required information from the plaintiff's attorney. "[D]iscovery orders are meant to be followed," Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 853 (2d Cir. 1995), and "[a] party who flouts such orders does so at his peril," Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 73 (2d Cir. 1988).

7

For the foregoing reasons, the plaintiff's Motion for Reconsideration is DENIED.

SO ORDERED at Hartford, Connecticut this 12th day of August, 2011.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge